J-S63013-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARK A. PEREZ, | : | |
| | : | |
| Appellant | : | No. 162 EDA 2015 |

Appeal from the PCRA Order December 10, 2014,
Court of Common Pleas, Montgomery County,
Criminal Division at No. CP-46-CR-0007249-2009

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED NOVEMBER 12, 2015**

Appellant, Mark A. Perez ("Perez"), appeals pro se from the order entered on December 10, 2014 by the Court of Common Pleas of Montgomery County, Criminal Division, dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> On June 20, 2011, in conformance with a negotiated guilty plea agreement, [Perez] pled guilty to aggravated assault, robbery, theft by unlawful taking, burglary and persons not to possess a firearm.  In return for his guilty plea[, Perez] was sentenced to an aggregate term of [fifteen to thirty years of] imprisonment.  [Perez] filed a post-sentence motion to withdraw his guilty plea, which was denied.

[Perez] filed a timely direct appeal which was rejected by the Pennsylvania Superior Court, and on August 14, 2012, [Perez]'s judgment of sentence was affirmed. No further appeal was taken.

On October 16, 2012, [Perez] filed a timely pro se PCRA petition. Counsel was appointed to assist [Perez] with his petition. On December 7, 2012, PCRA counsel determined that all issue[s] lacked merit and submitted a no-merit letter, seeking to withdraw. A pre-dismissal notice was issued in compliance with Pa.R.Crim.P. 907. [Perez] exercised his right to respond to the notice and filed a motion for leave to file an amended PCRA petition. Ultimately[,] on January 7, 2013, a final order of dismissal was issued, dismissing [Perez]'s PCRA petition.

[Perez] appealed from the final order of dismissal, but the appeal was denied on September 13, 2013. [Perez] did not pursue a petition for allowance of appeal with the Pennsylvania Supreme Court.

Subsequently, on November 13, 2014, [Perez] filed a second PCRA petition, which is the subject of this appeal. On November 18, 2014, this [c]ourt issued a pre-dismissal notice, notifying [Perez] of this [c]ourt's proposed dismissal due to the untimely nature of his second PCRA petition, to which [Perez] filed a response. Thereafter, a final order of dismissal was entered. This timely appeal followed.

PCRA Ct. Op., 3/11/15, at 1-2.

From what we can discern from his pro se appellate brief, Perez raises four arguments in support of his claim that the trial court abused its discretion in dismissing his second PCRA petition. *See* Perez's Brief at 6-9. First, Perez argues that the PCRA court erred in not permitting him to withdraw his guilty plea. *Id.* at 8. Perez asserts that the PCRA court should

have permitted him to withdraw his guilty plea because on September 26, 2014, over three years after his guilty plea in this case, the Philadelphia County Court of Common Pleas vacated a prior, unrelated conviction ("the Philadelphia conviction"), which the Commonwealth had used against him in negotiating his sentence in this case. *Id.* Perez contends that as a result, he received a longer sentence than he otherwise would have. *Id.* Second, in the alternative, Perez argues that the PCRA court erred in failing to credit the time he served on the Philadelphia conviction to his current sentence of fifteen to thirty years. *See id.* at 6-9. Third, Perez contends that the PCRA court erred by failing to appoint him counsel. *See id.* Finally, Perez argues that the PCRA abused its discretion by dismissing his PCRA petition without a hearing. *See id.*

Prior to determining the merits of Perez's claims, we must determine whether we have jurisdiction to decide his appeal. "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions apply:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

> Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

Perez's instant PCRA petition is facially untimely and he does not contest this determination. Accordingly, we are without jurisdiction to decide Perez's appeal unless he pled and proved one of the three timeliness exceptions of section 9545(b)(1). *See id.* In the instant PCRA petition, Perez invoked the timeliness exception set forth in section 9545(b)(1)(ii), that "the claim is predicated on facts that were unknown to the petitioner and could not have been discovered with due diligence." Our Court recently

provided the following explanation of the timeliness exception of section 9545(b)(1)(ii):

> The timeliness exception set forth in [s]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Bennett***, [] 930 A.2d 1264, 1271 ([Pa.] 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. ***Commonwealth v. Breakiron***, [] 781 A.2d 94, 98 ([Pa.] 2001); ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010), *appeal denied*, [] 20 A.3d 1210 ([Pa.] 2011). This rule is strictly enforced. ***Id.*** Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, [] 947 A.2d 714, 720 ([Pa.] 2008) (emphasis in original).

***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015).

Here, Perez asserts that this case falls within the timeliness exception of section 9545(b)(1)(ii) because he could not have learned that the Philadelphia County Court of Common Pleas vacated his conviction and nolle prossed the underlying charges until it actually entered the order dismissing the conviction on September 26, 2014. Perez's Brief at 8. Additionally, Perez contends that he met the sixty-day requirement by filing the instant PCRA petition on November 13, 2014. ***Id.***

The trial court initially dismissed Perez's second PCRA petition as untimely. PCRA Ct. Op., 3/11/15, at 1. In its Rule 1925(a) opinion, however, the trial acknowledged that Perez had properly pled and proved the timeliness exception of section 9545(b)(1)(ii).[1] *See id.* at 5-7. We agree with the PCRA court that Perez has satisfied the timeliness exception of section 9545(b)(1)(ii). The certified record on appeal reflects the following. The vacateur of Perez's Philadelphia conviction stemmed from the arresting officer in that case, Officer Jeffrey Walker ("Officer Walker"), pleading guilty to robbery and theft. *See* PCRA Petition, 11/13/14, Exhibit 1. The investigation of those charges revealed that Officer Walker had been fabricating facts to support affidavits of probable cause for his arrests. *See Id.* The investigation also revealed that Officer Walker had planted drugs, stolen drugs and money, and lied in police paperwork and in court. *Id.*

Based upon these findings, the Defender Association of Philadelphia filed petitions to reopen over 200 convictions, including Perez's Philadelphia conviction. *Id.* The Philadelphia District Attorney's Office and the Philadelphia Court of Common Pleas agreed that Perez's Philadelphia conviction was improper. *Id.* Therefore, on September 26, 2014, the Philadelphia Court of Common Pleas vacated his conviction and nolle prossed the charges against him. *Id.*

---

[1] The PCRA court ultimately determined that issues Perez raised in his PCRA petition were meritless. *See* PCRA Ct. Op., 3/11/14, at 7-10.

It is clear from the record that Perez did not know these facts at the time of his June 20, 2011 guilty plea in this case. Perez would have had no way of knowing that over three years later, his Philadelphia conviction would be vacated and the charges dismissed. Additionally, there was no way that Perez could have known these facts earlier than September 26, 2014, because that was the date on which the Philadelphia County Court of Common Pleas vacated his Philadelphia conviction and nolle prossed the charges underlying that conviction. Therefore, Perez has satisfied the requirements of section 9545(b)(1)(ii).

Furthermore, Perez filed the instant PCRA petition within sixty days of the date that the claim could have been presented. The Philadelphia Court of Common Pleas nolle prossed the charges underlying his Philadelphia conviction on September 26, 2014 and Perez filed this PCRA petition forty-eight days later on November 13, 2014. Thus, Perez has also satisfied the requirements of section 9545(b)(2). Accordingly, because we have concluded that we have jurisdiction over this appeal, we now turn to the merits of Perez's claims.

We begin by acknowledging that "[o]ur standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The

PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.***

Perez argues that the PCRA court erred in failing to permit him to withdraw his guilty plea because the Commonwealth used the now-vacated Philadelphia conviction in negotiating his sentence in this case, which resulted in him receiving a longer sentence. ***See*** Perez's Brief at 6-9. We conclude that Perez has waived this argument for failing to raise it in the statement of questions involved section of his appellate brief. ***See*** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Therefore, this argument does not entitle Perez to relief.

Even if Perez had preserved this argument in his Rule 2116(a) statement, it is still meritless. Section 9543(a)(2) of the PCRA identifies a petitioner's burden of proof and pleading requirements to be eligible for PCRA relief. Section 9543(a)(2) provides:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> \*　　\*　　\*
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> > (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the

circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2).

Perez's argument falls under section 9543(a)(2)(iii), that his guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." Perez, however, has at no point, either before the PCRA court or on appeal, asserted his innocence. Section 9543(a)(2)(iii) requires such an assertion. *See* 42 Pa.C.S.A. § 9543(a)(2). Accordingly, Perez's first argument is meritless.

Second, in the alternative, Perez argues that the PCRA court erred in failing to award him credit on his current sentence for the time he served on the Philadelphia conviction. *See* Perez's Brief at 6-9. Perez contends that this claim is a challenge to the legality of his sentence and is therefore cognizable under the PCRA. *See id.* at 6. The Commonwealth argues, based on *Commonwealth v. Heredia*, 97 A.3d 392 (Pa. Super. 2014), that this claim is not cognizable under the PCRA. We agree.

In *Heredia*, this Court explained the appropriate procedure for presenting a sentencing challenge based on credit for time served, as follows:

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of habeas corpus ad subjiciendum lies to the trial court

> for clarification and/or correction of the sentence imposed.
>
> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law **in imposing sentence**, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

***Commonwealth v. Heredia***, 97 A.3d 392, 395 (Pa. Super. 2014) (emphasis added; brackets in original) (quoting ***Commonwealth v. Perry***, 563 A.2d 511, 513 (Pa. Super. 1989)).

When the trial court imposed Perez's sentence in the instant matter, it was not required to grant Perez credit for the time he served on the Philadelphia conviction, as the Philadelphia conviction had not yet been dismissed. Therefore, Perez's sentence was legal at that time the trial court imposed it. As such, Perez's claim is not cognizable under the PCRA and does not entitle him to relief.[2]

Third, Perez argues that the trial court erred by failing to appoint counsel to represent him for his second PCRA petition. **See** Perez's Brief at 6-9. It is well settled that a criminal defendant is only entitled to the

---

[2] We note that the Commonwealth Court has exercised original jurisdiction over claims that a defendant is entitled to time-credit on a current sentence based on the dismissal of a prior conviction for which the defendant has already served a sentence. **See Gasper v. Commonwealth, Bd. of Prob. & Parole**, 388 A.2d 1139, 1141 (Pa. Cmwlth. 1978) (holding that the period of time defendant served on sentence that was subsequently dismissed was properly credited against a later sentence for a different crime and that the defendant was not entitled to have time on the dismissed sentence credited against both an earlier sentence for another crime and the later sentence).

appointment of counsel for his first PCRA petition. **See** Pa.R.Crim.P. 904(C) ("when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). Therefore, because this is Perez's second PCRA petition, we conclude that the trial court did not abuse its discretion in declining to appoint him counsel.

Finally, Perez argues that the PCRA court erred in dismissing his petition without a hearing. **See** Perez's Brief at 8. Our Supreme Court has held that "a PCRA court must hold a hearing when a PCRA petition raises any issues of material fact." **Commonwealth v. Marshall**, 947 A.2d 714, 723 (Pa. 2008); **see also** Pa.R.Crim.P. 908(A)(2) (requiring a hearing on a PCRA petition "when the petition for post-conviction relief or the Commonwealth's answer, if any, raises material issues of fact"). "If a PCRA petitioner's offer of proof is insufficient to establish a prima facie case, or his allegations are refuted by the existing record, an evidentiary hearing is unwarranted." **Commonwealth v. Eichinger**, 108 A.3d 821, 849 (Pa. 2014). Here, Perez's claims do not raise any issues of material fact and the trial court was able to determine that the issues he raised were meritless based on the existing record. Therefore, the trial court did not err by failing to hold a hearing on Perez's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2015